LAW OFFICES
## KLESTADT & WINTERS, LLP
570 SEVENTH AVENUE
17TH FLOOR
NEW YORK, NY 10018-1624

TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245

TRACY L. KLESTADT (NY & NJ BARS)
IAN R. WINTERS
JOHN E. JURELLER, JR. (NY & NJ BARS)
SEAN C. SOUTHARD
FRED N. STEVENS (NY & MA BARS)
PATRICK J. ORR (NY, NJ & PA BARS)
JOSEPH C. CORNEAU (NY & MA BARS)
BRENDAN M. SCOTT (NY, NJ & PA BARS)

THOMAS M. SZANIAWSKI
MAEGHAN J. MCLOUGHLIN
LAUREN C. KISS (NY & NJ BARS)

OF COUNSEL
JON YARD ARNASON
STACY E. BUSH (NY & NJ BARS)

NEW JERSEY OFFICE
15 WARREN STREET
HACKENSACK, NJ 07601
(201) 833-5151

September 6, 2013

**Via ECF and Electronic Mail**
Honorable Analisa Torres
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        In re: China Medical Technologies, Inc., Debtor
        WB Family LLC et al., v. Kenneth Krys, et al.
        Case No. 1:13-cv-06222-AT

Dear Judge Torres:

Please be advised that our firm represents Kenneth Krys ("Appellee"), the Foreign Representative of China Medical Technologies, Inc. ("Debtor"), the appellee in the above captioned matter which has been assigned to Your Honor. We write this letter after discussion with Your Chambers regarding this matter and the situation. This matter involves the Notice of Appeal, or in the alternative, the Motion for Leave to Appeal of WB Family LLC and Henry L. Mann (collectively as "Appellants") (collectively the "Appeal").

By order ("Order") dated July 11, 2013, Honorable Robert E. Gerber, United States Bankruptcy Court Judge, denied Appellants' Renewed Motion of WB Family LLC and Henry L. Mann for an Order Confirming that the Automatic Stay Does Not Apply, or in the Alternative, Granting Stay Relief (the "Renewed Motion"). A copy of the Order was

annexed as an Exhibit to the Motion for Leave to Appeal and a copy is enclosed herewith.  By the Order, the Bankruptcy Court stated, in part, "it is further ORDERED, that the Renewed Motion, inasmuch as it requested entry of a final, appealable order is denied."

On July 25, 2013, pursuant to Bankruptcy Rule 8001, Appellants filed the Notice of Appeal, or in the Alternative, Motion for Leave to Appeal [Docket No. 1].  Pursuant to Bankruptcy Rule 8003(a), Appellee filed his opposition (the "Opposition") to both the Notice of Appeal and Motion for Leave to Appeal.  A copy of the Memorandum of Law of the Foreign Representative of China Medical Technologies, Inc. in Opposition to the Notice of Appeal or, in the Alternative, Motion for Leave to Appeal Filed by WB Fmaily LLC and Henry L. Mann, and supporting Declaration and exhibits are enclosed herewith.  As a result, this matter has already been fully briefed for the Court.

On September 5, 2013, our firm received notice via ECF that the District Court had docketed Appellant's Notice of Appeal, inclusive of the Motion for Leave to Appeal which was incorporated therein.  However, the Docket did not include Appellee's Opposition.  As a result, we conferred with the District Court Clerk, who directed us to the Bankruptcy Court Clerk.  During the call with the Bankruptcy Court Clerk, we were notified for the first time that the Bankruptcy Court Clerk apparently contacted Appellant's counsel, told them that Appellants apparently could not file both a Notice of Appeal and Motion for Leave to Appeal (or at least in the form as filed), and that they would need to file either one or the other.  The Clerk indicated that Appellants designated the filing of the Notice of Appeal, after which the Clerk transferred the Notice of Appeal (along with the incorporated Motion for Leave to Appeal) to the District Court.  Until this morning, we had not been notified that the Motion for Leave to Appeal had apparently been withdrawn, or was otherwise rejected by the Bankruptcy Court.

By this letter, Appellee hereby provides notice to the Court that he intends to object to the filing of the Notice of Appeal, and as necessary oppose any Motion for Leave to Appeal for the reasoning set forth in the Opposition. Judge Gerber's Order, which reasoning and decision is further explained in the transcript of the hearing which was attached as an exhibit to the Motion for Leave to Appeal and which is enclosed herewith, clearly states that the Order was not a final, appealable order.  It is respectfully requested that the Court either (i) reinstate the Motion for Leave to Appeal and take the Opposition into consideration with respect to the Notice of Appeal and Motion for Leave to Appeal, or (ii) authorize Appellee to submit a motion to dismiss the Notice of Appeal based upon the fact that it is an improper appeal of the interlocutory Order, and enter a briefing schedule with respect to such a motion.  I am available at the Court's convenience for a conference with respect to this matter.

If you have any questions, please do not hesitate to contact me.

- 3 -

Thank you for your consideration.

                                              Respectfully submitted,

                                              KLESTADT & WINTERS, LLP

                                              */s/ John E. Jureller, Jr.*

                                              John E. Jureller, Jr.

Encl.

cc:  Carl W. Oberdier, Esq.
      Oberdier Ressmeyer LLP
      **(Via Email)**

- 3 -